IN THE OREGON TAX COURT

H. Bahari KASHANI

*v.*

DEPARTMENT OF REVENUE

POLK COUNTY ASSESSOR,
*Intervenor*

(TC 3105)

Plaintiff appeared *pro se.*

Robert W. Oliver, Polk County Counsel, appeared for intervenor.

Decision for intervenor rendered January 29, 1992.

**CARL N. BYERS, Judge.**

Plaintiff appeals the assessed value of his personal residence as of January 1, 1990. Polk County intervened and defended at the trial.

Plaintiff purchased the subject property in June, 1989, for $55,000. He appealed the assessed value as of January 1, 1989. After trial, the court set the value for the subject property as of January 1, 1989, at $55,000.

The following year the county applied a trending factor of eight percent to result in an assessed value of $59,400[1] for January 1, 1990.

---

[1] Prior to the trial, intervenor had assessed the property at $65,000, based on a market comparison approach. At trial, intervenor moved to amend its answer to allege $59,400, which motion was granted.

■ Plaintiff contends that the true cash value of the subject property does not exceed $55,000. Plaintiff submitted evidence to show that the value as of January 1, 1989, was in fact less than the $55,000 set by the court. However, as pointed out by intervenor, ORS 309.115 applies. That statute provides:

"(1) If the board of equalization, the Department of Revenue or a court enters an order correcting the true cash value of a separate assessment of property and there is no further appeal from that order, except as provided under subsection (2) of this section, the true cash value so entered shall be the true cash value entered on the assessment and tax rolls for the five assessment years next following the year for which the order is entered."

Subsection (2) permits changes in value only for specified reasons. Except for those reasons, neither the assessor nor the taxpayer can claim a different value. Accordingly, the court will disregard any evidence submitted by plaintiff intended to show that the value of the property as of January 1, 1989, was less than $55,000.

Plaintiff also challenged intervenor's trending factor. Intervenor submitted evidence of its study areas and the 1990 sales ratio report. In addition, intervenor's witness, the chief appraiser for Polk County, testified that he personally visited and appraised the subject property for the 1991 tax year. He stated that the trending factor resulted in an assessed value less than his appraised true cash value.

Plaintiff submitted arguments challenging the inclusion of his property in class 5 and application of the trending factor to his property due to its physical features and conditions. He also challenged the use of sales which occurred before January 1, 1989, in the sales ratio study as applied to his property. The court has considered all of these arguments and finds that the preponderance of the evidence supports the intervenor's position. For plaintiff to prevail, he would have to show that the subject property was decreasing in value during the year 1989. None of the evidence supports that position.

The court finds that the true cash value of the subject property as of January 1, 1990, was $59,400. Costs to neither party.